IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TED HAMILTON                                                                                           PLAINTIFF

v.                                      CIVIL NO. 4:16-cv-04002

HEMPSTEAD COUNTY                                                                        DEFENDANT

## AMENDED REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Ted Hamilton filed this case *pro se* pursuant to 42 U.S.C. § 1983 on January 4, 2016. ECF No. 1. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2014), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before me on Defendant's Motion to Dismiss. ECF No. 9. Plaintiff has responded to the Motion to Dismiss. ECF No. 12. The Motion is ready for decision.

1. **BACKGROUND**

Plaintiff is currently an inmate of the Arkansas Department of Correction – Wrightsville Unit. According to the allegations of Plaintiff's Complaint, on April 30, 2012, Defendant "denied him medical care, intentionally interfered with treatment prescribed by a longstanding practice or custom of releasing inmates from the Detention Center for budgetary concerns to avoid paying for a potentially expensive surgery". ECF No. 1. According to Plaintiff, his Complaint in this matter involves the same facts upon which Plaintiff filed another lawsuit – Case No. 13-cv-04038 ("2013 Lawsuit"). ECF No. 1, p.8.

1

## 2. APPLICABLE LAW

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden*, 588 F.3d at 594 (*quoting Iqbal*, 556 U.S. at 678). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (While *pro se* complaints are liberally construed, they must allege sufficient facts to support the claims.).

## 3. DISCUSSION

Defendant has moved to dismiss the case on the following grounds: (1) Plaintiff's Complaint is time-barred by the statute of limitations; and (2) Plaintiff's Complaint is barred by *res judicata*. The Court recommends this case be dismissed because Plaintiff's Complaint is time-barred by the statute of limitations. Therefore, there is no need to address the doctrine of res judicata.[1]

---

[1] Although the Court will not specifically address *res judicata*, it appears the doctrine would apply to bar Plaintiff's Complaint in this action. Again, I note Plaintiff's claim was adjudicated by jury trial in Case No. 13-cv-04038 in this Court, and he lost that case. The case is currently pending appeal before Eighth Circuit Court of Appeals.

The statute of limitations for § 1983 claims is the state statute of limitations for personal injury actions. *Morton v. City of Little Rock*, 934 F. 2d 180, 183 (1991) (citing *Wilson v. Garcia*, 471 U.S. 261 (1985). In Arkansas, this period is three years. *Id.* (referencing Ark. Code Ann. § 16-56-105.) Any possible equitable tolling is also controlled by state law, unless that law is inconsistent with the policies behind § 1983. *Board of Regents of University of State of N.Y. v. Tomanio*, 446 U.S. 478 (1980); *Hughes v. Sheriff of Fall River County Jail*, 814 F.2d 532 (8th Cir. 1987).

The accrual date of a § 1983 cause of action is controlled by federal law. *Wallace v. Kato*, 549 U.S. 384 (2007). Accrual generally occurs when the Plaintiff has "a complete and present cause of action." *Id.* at 388. This is met when "the Plaintiff can file suit and obtain relief." *Id.* A statute of limitations defense is not ordinarily grounds for a Rule 12(b)(6) dismissal except when the complaint itself establishes the defense. *Joyce v. Armstrong Teasdale, LLP,* 635 F.3d 364 (8th Cir. 2011).

Plaintiff's Complaint clearly states on April 30, 2012 Defendant denied him medical care in accordance with its policy of releasing inmates in order to avoid paying for expensive surgery. ECF No. 1. Therefore, this is the accrual date when the three year statute of limitations begins to run. Plaintiff was required to file his lawsuit no later than April 30, 2015. He did not file until January 4, 2016 – more than eight months past the statutory deadline.

Plaintiff argues that he did not know Defendant had a policy of releasing inmates in order to avoid paying for medical procedures until sometime during the discovery phase of his 2013 Lawsuit and therefore the statute of limitations should be tolled. ECF. No. 12. However, Arkansas does not provide for tolling of the statute of limitations while an inmate pursues state or other remedies. *See* Ark. Code. Ann. § 16-56-126 (tolling permitted for nonsuit or judgment in favor

3

arrested or reversed); § 16-56-116 (tolling provided for individuals who are minors or insane at the time of accrual); § 16-56-120 (tolling provided for improper acts of a party which prevent commencement of action); § 16-56-121 (tolling provided for absconding debtors); § 16-56-125 (tolling provided for unknown tortfeasors). The failure to provide tolling during the pendency of related actions does not render the state's tolling rules inconsistent with § 1983. See *Board of Regents of University of State of N.Y. v. Tomanio*, 446 U.S. at 478.  Therefore, Plaintiff's Complaint is time-barred by the statute of limitations.[2]

4. **CONCLUSION**

For the reasons stated, I recommend Defendant's Motion to Dismiss (ECF No. 9) be **GRANTED.** All claims against Defendant Hempstead County should be dismissed.  I also recommend this dismissal be counted as a strike for purposes of 29 U.S.C. Section 1915 (g).

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636 (b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **5th day of April 2016.**

> /s/ Barry A. Bryant
> HON. BARRY A. BRYANT
> UNITED STATES MAGISTRATE JUDGE

---

[2] This Amended Report and Recommendation is filed to make clear this dismissal should be counted as a "strike" pursuant to the PLRA.