IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TED HAMILTON                                                                                    PLAINTIFF

V.                                    Case No. 4:16-cv-4002

HEMPSTEAD COUNTY                                                                       DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed April 5, 2016, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 14. Judge Bryant recommends that Defendant's Motion to Dismiss (ECF No. 9) be granted. Plaintiff has responded with objections.[1] ECF No. 19. The Court finds the matter ripe for consideration.

Pursuant to 42 U.S.C. § 1983, Plaintiff alleges that on April 30, 2012, Defendant denied him medical care in accordance with an allegedly unconstitutional policy of releasing inmates to avoid paying for expensive surgeries. The magistrate judge determined that Plaintiff's § 1983 claim is time-barred by the three-year statute of limitations. Plaintiff agrees with the magistrate judge that his claim accrued on April 30, 2012. ECF No. 19, p. 5. Plaintiff further agrees that, an April 30, 2012 accrual date would have "required [him] to file his lawsuit no later than April 30, 2015." ECF No. 19, p. 4. Plaintiff, however, did not file his lawsuit until January 4, 2016.

Plaintiff argues that he should be allowed to "correct the accrual date of April 30, 2012," because he did not discover Hempstead County's allegedly unconstitutional policy until 2014. ECF No. 19, p. 7. The Court, however, agrees with the magistrate judge that the correct accrual

---

[1] On April 18, 2016, Plaintiff filed a Motion for Extension of Time to file objections to the Report and Recommendation. ECF No. 16. On April 22, 2016, before the Court ruled on the Motion for Extension of Time, Plaintiff filed his objections. ECF No. 19. The Court will consider the objections timely filed. Thus, Plaintiff's Motion for Extension of Time to file objections is denied as moot.

- 2 -

date for Plaintiff's claim is April 30, 2012, which is the date that Plaintiff alleges Defendant denied him medical care in accordance with an allegedly unconstitutional policy. The Court also agrees with the magistrate judge that Arkansas law does not provide for the tolling of the three-year statute of limitations in this instance. Thus, because Plaintiff did not file his complaint until January 4, 2016, Plaintiff's claim is time-barred by the three-year statute of limitations.

For the reasons stated above, based on its own de novo review, the Court overrules Defendant's objections and adopts the Report and Recommendation *in toto*. ECF No. 14. Plaintiff's Motion to Dismiss (ECF No. 9) is **GRANTED**, and all claims against Defendant are **DISMISSED WITH PREJUDICE**. The dismissal constitutes a "strike" under 28 U.S.C. § 1915(g), and the Clerk is directed to place a § 1915(g) strike flag on the case.

**IT IS SO ORDERED**, this 18th day of July, 2016.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge